IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:17-CR-486 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL G.A. KASAPIS, | ) | |
| | ) | |
| Defendant. | ) | **FINAL ORDER OF FORFEITURE** |

It appears to the Court that proper proceedings for the issuance of this Final Order of Forfeiture have been had in this case as follows:

1.     By the Preliminary Order of Forfeiture (R. 8), entered against defendant Paul G.A. Kasapis on January 16, 2018, the following properties were forfeited to the United States under 18 U.S.C. § 982(a)(1) for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n) [as incorporated by 18 U.S.C. § 982(b)(1)]:

a.)     1509 NW 4th Street, Cape Coral, Lee County, Florida, Parcel ID Number: 10-44-23-C4-03675.0100.  Legal Description:

> All that certain land situate in Lee County, Florida, viz: Lots 10 and 11, Block 3675, Unit 48, Cape Coral Subdivision, according to the plat thereof, as recorded in Plat Book 17, Pages 135 through 144, inclusive, of the Public Records of Lee County, Florida.

> Being the same property that Bank of America, NA, by its General Warranty Deed dated September 5, 2014 - and recorded in Lee County, Florida, on September 11, 2014, as Instrument # 2014000187725 - granted and conveyed unto Paul G.A. Kasapis and Debra A. Kasapis, the record owners of the property.

b.)     Marriott Vacation Club Trust timeshare account.  Particularly:

A timeshare estate as defined by Section 721.05, *Florida Statutes*, more fully described as: 14 Interests (numbered for administrative purposes: D65501 & D65502 & D65503 & D65504 & D65505 & D65506 & D65507 & D65508 & D65509 & D65510 & F17012 & F17013 & F17014 & F17015) in the MVC Trust ("Trust") evidenced for administrative, assessment and ownership purposes by 3500 Points (250 Points for each Interest), which Trust was created pursuant to and further described in that certain MVC Trust Agreement dated March 11, 2010, executed by and among First American Trust, FSB, a federal savings bank, solely as trustee of Land Trust No. 1082-0300-00 (aka MVC Trust), Marriott Ownership Resorts, Inc., a Delaware corporation, and MVC Trust Owners Association, Inc., a Florida corporation not-for-profit, as such agreement may be amended and supplemented from time to time ("Trust Agreement"), a memorandum of which is recorded in Official Records Book 10015, Page 4176, Public Records of Orange County, Florida ("Trust Memorandum").  The Interests shall have a Use Year Commencement Date of August 01, 2014 (subject to Section 3.5 of the Trust Agreement).

Being the same property that Marriott Ownership Resorts, Inc., a Delaware corporation, by its Special Warranty Deed dated July 28, 2014 - and recorded in Orange County, Florida, on August 25, 2014, in Deed Book 10794, Page 8574 (DOC # 20140429977) - granted and conveyed unto Paul G.A. Kasapis and Debra Ann Kasapis, the record owners of the property.

2.      Following the entry of a preliminary order of forfeiture, the United States is required to "publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct."  *See*, 21 U.S.C. § 853(n)(1).

3.      In accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, notice of the Preliminary Order of Forfeiture (R. 8) was posted on an official government internet site for at least 30 consecutive days, beginning on January 19, 2018 and ending on February 17, 2018.

4.      No third party claims to the subject properties were made as a result of the internet notification.  (Docket Report.)

5.      Debra A. Kasapis – the wife of defendant Kasapis - was a potential third party claimant as to the subject properties.  Particularly, defendant Kasapis and Debra Kasapis are the

2

record owners of the properties.  As set forth at ¶ 4 of the Preliminary Order of Forfeiture, the

United States Attorney's Office, Northern District of Ohio (USAO), and Debra Kasapis have

entered into an Agreement – Re: Forfeiture (R. 3) concerning the properties.  In the Agreement,

Debra Kasapis consented to the forfeiture of the properties, and agreed that she will not contest

the forfeiture action instituted by the United States against them.

6.      Based upon the foregoing, and in accordance with 21 U.S.C. § 853(n)(7), this

Final Order of Forfeiture is entered as follows - [1]

**IT IS ORDERED, ADJUDGED, AND DECREED:**

7.      The United States shall seize and take control of the following property, and it

hereby is finally forfeited to the United States under 18 U.S.C. § 982(a)(1) for disposition in

accordance with law:

•      1509 NW 4th Street, Cape Coral, Lee County, Florida, Parcel ID Number: 10-44-

23-C4-03675.0100.  Legal Description:

> All that certain land situate in Lee County, Florida, viz: Lots 10 and 11, Block 3675, Unit 48, Cape Coral Subdivision, according to the plat thereof, as recorded in Plat Book 17, Pages 135 through 144, inclusive, of the Public Records of Lee County, Florida.

> Being the same property that Bank of America, NA, by its General Warranty Deed dated September 5, 2014 - and recorded in Lee County, Florida, on September 11, 2014, as Instrument # 2014000187725 - granted and conveyed unto Paul G.A. Kasapis and Debra A. Kasapis, the record owners of the property.

---

[1]      In this regard, it is noted that defendant Kasapis has consented, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, that the forfeiture of the subject properties would become final as to him upon the Court's entry of the Preliminary Order of Forfeiture.  *See*, R. 8: Preliminary Order of Forfeiture, at p. 3, ¶ 3(D).

8.      The proceeds of the sale of this property shall be paid in the following priority:

a.)      To the Internal Revenue Service, Criminal Investigation, for the payment of all reasonable expenses incurred in the preservation of the property pending its sale, and for payment of the reasonable costs of the sale of the property.

b.)      All outstanding property taxes and other encumbrances, if any, due and owing in accordance with federal law.

c.)      The balance of the sale proceeds remaining after the above disbursements shall be paid/forfeited to the United States.

9.      The following property is finally forfeited to the United States under 18 U.S.C. Section 982(a)(1), and no right, title, or interest shall exist in any other party:

• Marriott Vacation Club Trust timeshare account.  Particularly:

A timeshare estate as defined by Section 721.05, *Florida Statutes*, more fully described as: 14 Interests (numbered for administrative purposes: D65501 & D65502 & D65503 & D65504 & D65505 & D65506 & D65507 & D65508 & D65509 & D65510 & F17012 & F17013 & F17014 & F17015) in the MVC Trust ("Trust") evidenced for administrative, assessment and ownership purposes by 3500 Points (250 Points for each Interest), which Trust was created pursuant to and further described in that certain MVC Trust Agreement dated March 11, 2010, executed by and among First American Trust, FSB, a federal savings bank, solely as trustee of Land Trust No. 1082-0300-00 (aka MVC Trust), Marriott Ownership Resorts, Inc., a Delaware corporation, and MVC Trust Owners Association, Inc., a Florida corporation not-for-profit, as such agreement may be amended and supplemented from time to time ("Trust Agreement"), a memorandum of which is recorded in Official Records Book 10015, Page 4176, Public Records of Orange County, Florida ("Trust Memorandum").  The Interests shall have a Use Year Commencement Date of August 01, 2014 (subject to Section 3.5 of the Trust Agreement).

Being the same property that Marriott Ownership Resorts, Inc., a Delaware corporation, by its Special Warranty Deed dated July 28, 2014 - and recorded in Orange County, Florida, on August 25, 2014, in Deed Book 10794, Page 8574 (DOC # 20140429977) - granted and conveyed unto Paul G.A. Kasapis and Debra Ann Kasapis, the record owners of the property.

4

10.     The United States shall seize and take control of the property, and shall dispose of it in accordance with law.

**SO ORDERED** this ___23rd__ day of March, 2018.


/s/ Patricia A. Gaughan
_____
Patricia A. Gaughan, Chief Judge
United States District Court, N.D. Ohio