UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA,

       Plaintiff,           Criminal No. 17-CR-486-001

                           HON. PATRICIA A. GAUGHAN

v.

PAUL KASAPIS,

       Defendant.

_____

## DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE
_____

NOW COMES Defendant PAUL KASAPIS, by and through his attorney, Anjali Prasad, and respectfully requests that the Court order his early termination of supervised release, under 18 U.S.C. § 3583(e)(1). Opposing counsel does not concur with the relief sought.

                         Respectfully Submitted,

                         /s/ Anjali Prasad
                         ANJALI PRASAD (P75771)
                         Prasad Legal, PLLC
                         1668 S. Telegraph, St. 200
                         Bloomfield Hills, MI  48302
                         (248) 733-5006
Dated:  November 4, 2021        aprasad@prasadlegal.com

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA,

      Plaintiff,             Criminal No. 17-CR-486-001

                         HON. PATRICIA A. GAUGHAN

v.

PAUL KASAPIS,

      Defendant.

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

---

On January 10, 2018, Defendant Paul Kasapis pleaded guilty to an Information that contained two tax counts and two money laundering counts. The underlying case involved "gambling houses" that were being operated by Defendant.  Defendant cooperated with federal authorities and admitted that he underreported income, failed to collect and pay employee withholding taxes, and engaged in real estate transactions with gambling proceeds.[1]

---

[1]    Defendant also cooperated with state authorities, which led to a pre-indictment plea agreement in state court.

2

On June 5, 2018, the Court sentenced Defendant to a term of imprisonment of 15 months, followed by a 3-year period of supervised release.  The Court also ordered restitution in the amount of $533,434.32.  As a result of the federal plea and state plea, Defendant agreed to forfeit properties, bank accounts, and other monies and assets, on the order of approximately $2.7 million in value.

Defendant reported to FCI Morgantown on June 28, 2018.  During his incarceration, Defendant participated in the following recidivism risk reduction programs: (1) dental health; (2) home renovation; (3) civil rights history; (4) space travel; (5) General Equivalency Diploma (GED); (6) hybrid technology; (7) food truck catering; and (8) AIDS and Disease Prevention.  As part of his reentry plan, BOP released Defendant to a residential reentry center (RRC) on August 1, 2019.  He was subsequently released to home confinement and on September 1, 2019, Defendant began his 3-year period of supervised release with the U.S. Probation Department.

Defendant is 52 years old and has reintegrated with his four adult children. He works full-time dispatching and driving for a trucking company.  But his ability to take assignments is hampered because he cannot travel outside the Northern District of Ohio without prior approval. Hence, Defendant must pass on many last-minute opportunities to take on work.

The underlying crime was Defendant's first contact with the criminal justice system.  Prior to this incident, he owned and operated a wholesale produce business and property management business.  There is nothing in his background to suggest he poses any threat whatsoever to the community.  Indeed, from prison to the residential reentry center to home confinement to supervised release, there has never been any instance of non-compliance.  Moreover, in spite of his massive forfeiture, he makes modest but steady payments on restitution every month.

Based on the forgoing, Defendant respectfully requests the Court order his early termination of supervised release (which is set to expire on September 1, 2022).  This will enable Defendant to take on more work assignments with his company and continue his fresh start for the second chapter of his life.  Early termination of supervised release is permitted under 18 U.S.C. § 3583(e)(1), after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and in the interest of justice."  18 U.S.C. § 3583(e)(1). Here, there seems to be no reason for the Probation Department to have to supervise Defendant any longer.

In the alternative, Defendant respectfully requests this Court expand his travel restriction to the continental United States.  This will permit him to

take on last-minute work assignments as they arise.  Defendant has certainly

demonstrated in two years plus of supervised release that he is responsible,

law-abiding, and committed to rebuilding his life.

Respectfully Submitted,

/s/ Anjali Prasad
ANJALI PRASAD (P75771)
Prasad Legal, PLLC
1668 S. Telegraph, St. 200
Bloomfield Hills, MI  48302
(248) 733-5006
Dated:  November 4, 2021          aprasad@prasadlegal.com

5